UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAYNE RYBCZYK,<br><br>               Plaintiff,<br><br>v.<br><br>APPLIED GENETIC TECHNOLOGIES CORPORATION, SUSAN B. WASHER, WILLIAM ALISKI, YEHIA HASHAD, ED HURWITZ, SCOTT KOENIG, JAMES A. ROBINSON, JAMES ROSEN, and ANNE VANLENT,<br><br>               Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>November 28, 2022 |

Plaintiff Jayne Rybczyk ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Applied Genetic Technologies Corporation ("AGTC" or the "Company") and the members of AGTC's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell AGTC to a portfolio company of Syncona Limited ("Syncona") (the "Proposed Transaction").

2. On October 23, 2022, AGTC entered into an Agreement and Plan of Merger with Alliance Holdco Limited ("Parent") and Parent's wholly owned subsidiary Alliance Acquisition Sub, Inc. ("Purchaser") (the "Merger Agreement"). Parent and Purchaser are affiliates of Syncona. Under the terms of the Merger Agreement, Purchaser will acquire AGTC for (i) $0.34

1

per share in cash, plus (ii) one contingent value right per share ("CVR") representing the right to receive up to $0.73 per CVR in the aggregate contingent upon the achievement of certain milestones, per share of AGTC common stock via a tender offer (the "Tender Offer").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on October 26, 2022.

3. On October 26, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC.  Specifically, the Recommendation Statement, which recommends that AGTC stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the financial analyses that support the fairness opinion provided by the Company's financial advisor, MTS Securities, LLC ("MTS Securities"); (ii) the background of the Proposed Transaction; and (iii) MTS Securities' and Company insiders' potential conflicts of interest.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as AGTC stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5. The Tender Offer is currently scheduled to expire at 5:00 p.m. Eastern Time on November 28, 2022.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and AGTC's other shareholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal. Therefore, Plaintiff seeks to enjoin the proposed transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in, offers and sells securities to investors residing in this District, or maintains operations within this District, or is an individual with sufficient minimum contacts with this District, and within 100 miles of the federal courthouse in this District, so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants transact business in this District by virtue of their offers and sales of securities to investors residing in this District. AGTC's common stock trades on the Nasdaq Global Markets, which is registered to transact business within in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, a resident of Connecticut and is the stockholder of AGTC common stock.

10. Defendant AGTC is a Delaware corporation, with its principal executive offices located at 14193 NW 119th Terrace, Suite 10, Alachua, Florida 32165. AGTC's shares trade on the Nasdaq Global Market under the ticker symbol "AGTC."

11. Defendant Susan B. Washer has been President, Chief Executive Officer, and a director of the Company at all relevant times.

12. Defendant William Aliski has been a director of the Company at all relevant times.

13. Defendant Yehia Hashad has been a director of the Company at all relevant times.

14. Defendant Ed Hurwitz has been a director of the Company at all relevant times.

15. Defendant Scott Koenig has been Chairman of the Board and a director of the Company at all relevant times.

16. Defendant James A. Robinson has been a director of the Company at all relevant times.

17. Defendant James Rosen has been a director of the Company at all relevant times.

18. Defendant Anne VanLent has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

20. AGTC is a clinical-stage biotechnology company that uses its proprietary gene therapy platform technology to develop transformational genetic therapies for people suffering from rare and debilitating diseases. The Company's initial focus is in the field of ophthalmology, where it has wholly owned clinical-stage programs in X-linked retinitis pigmentosa and achromatopsia, and an optogenetics program through the Company's collaboration with Bionic Sight, Inc. AGTC's preclinical pipeline includes a program in dry age-related macular degeneration, two programs targeting central nervous system disorders, including frontotemporal dementia and amyotrophic lateral sclerosis, and a program in otology through the Company's collaboration with Otonomy, Inc.

### The Proposed Transaction

21. On October 23, 2022, AGTC announced that it had entered into the Proposed Transaction, stating, in relevant part:

> GAINESVILLE, Fla. and CAMBRIDGE, Mass., Oct. 23, 2022 (GLOBE NEWSWIRE) -- Applied Genetic Technologies Corporation (Nasdaq: AGTC), a clinical-stage biotechnology company focused on the development and commercialization of adeno-associated virus (AAV)-based gene therapies for the treatment of rare and debilitating diseases with an initial focus on inherited retinal diseases (IRDs), today announced that it has entered into a definitive agreement pursuant to which a newly established portfolio company of Syncona Limited (LON: SYNC), a leading healthcare company focused on founding, building and funding global leaders in life science, will acquire AGTC, through a tender offer, for approximately $23.5 million ($0.34 per share) in cash at the closing of the transaction plus potential future aggregate cash payments of up to $50.0 million (up to $0.73 per share) pursuant to contingent value rights (CVRs). The board of directors of AGTC unanimously recommends that the shareholders of AGTC

tender their shares in the tender offer once it is commenced.

"This transaction represents an attractive upfront cash offer to shareholders at a premium of approximately 42% to the current share price, with the potential to receive future upside based on the clinical success of XLRP and other pipeline assets through CVRs," said Dr. Scott Koenig, Chairman of AGTC's board of directors. "Our board and leadership team evaluated all alternative options to progress AGTC-501. Given the state of equity and other funding markets, we see significant challenges in funding ongoing operations beyond 2022. We believe that this transaction clearly will deliver the best value to our shareholders.  AGTC's board of directors has unanimously approved the offer and strongly encourages shareholders to tender their shares."

"Our team has completed groundbreaking work for patients living with devastating retinal diseases," said Sue Washer, President and Chief Executive Officer of AGTC. "This transaction allows continued progress in advancing an important therapy for XLRP patients while also maximizing immediate and potential long-term value to our shareholders. On closing, AGTC will be Syncona's third company focused on retinal gene therapy, and we look forward to transitioning AGTC-501 to Syncona's experienced stewardship with the goal of advancing this differentiated product candidate to patients with XLRP."

"We share AGTC's passion in developing life changing treatments for patients with diseases with no currently approved therapies," said Chris Hollowood, Chief Investment Officer of Syncona Investment Management Limited. "Syncona has significant expertise in AAV gene therapy, and in particular, a strong track record of building retinal gene therapy businesses. We believe AGTC's XLRP program has the potential to be a best-in-class product that could transform the lives of patients suffering with this devastating blinding condition."

Under the terms of the definitive agreement, an indirect subsidiary of Syncona Limited will initiate a tender offer to acquire all outstanding shares of AGTC common stock. The upfront cash consideration in the transaction will consist of $0.34 per share of AGTC common stock (including common stock underlying restricted stock units and in-the-money stock options). AGTC equity holders will also receive in the transaction, for each share of AGTC common stock, one non-tradeable CVR. The holders of the CVRs will be entitled to receive payments of up to an additional $50.0 million in the aggregate upon the achievement of certain milestones related to transactions involving AGTC's assets and regulatory and commercial milestones related to AGTC's products. The $0.34 per share represents a premium of approximately 42% and the potential for up to $1.07 per share (inclusive of the potential CVR value) represents a premium of up to approximately 344% over AGTC's closing stock price on October 21, 2022.

Under the terms of the definitive agreement, any shares not tendered in the tender offer will be acquired in a second-step merger at the same cash price as paid in the tender offer. The closing of the transaction is subject to customary closing conditions, including that the number of shares validly tendered and not validly withdrawn represents a majority of all shares of AGTC common stock then outstanding (treating as outstanding the shares underlying outstanding restricted stock units) plus the aggregate number of shares issuable to holders of stock options

and warrants in respect of which AGTC has received notices of exercise prior to the expiration of the tender offer. Upon the closing of the transaction, the shares of AGTC's common stock will no longer be listed on any public market. Subject to certain limited exceptions, the CVRs will be non-transferable. There can be no assurance that any contingent payments will be paid. Syncona plans to finance the upfront cash consideration in the transaction with cash on hand.

The transaction was unanimously approved by AGTC's board of directors and is expected to close in the fourth quarter of 2022. All of the members of AGTC's board of directors and the executive officers of AGTC entered into a tender and support agreement with respect to all of the shares of AGTC common stock and/or stock options held by such persons (representing in the aggregate less than 1% of AGTC's equity), pursuant to which each such person agreed, among other things, to vote against other proposals to acquire AGTC and, subject to certain exceptions, to tender such person's AGTC shares pursuant to the tender offer.

MTS Health Partners, L.P. is acting as financial advisor to AGTC in connection with the transaction. Foley Hoag LLP is acting as legal advisor to AGTC in connection with the transaction. BTIG LLC is acting as financial advisor to Syncona and Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. is acting as legal advisor to Syncona in connection with the transaction.

**The Materially Incomplete and Misleading Recommendation Statement**

22.     On October 26, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which recommends that AGTC stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial analyses that support the fairness opinion provided by MTS Securities; (ii) the background of the Proposed Transaction; and (iii) MTS Securities' and Company insiders' potential conflicts of interest, including but not limited to insider stock options.

*Material Misrepresentations and/or Omissions Concerning MTS Securities' Financial Analyses*

23.     The Recommendation Statement fails to disclose material information concerning MTS Securities' financial analyses.

24.     With respect to MTS Securities' *Offer Price NPV Calculation*, the Recommendation Statement fails to disclose the cost of capital for each of the selected companies MTS Securities reviewed in estimating the Company's weighted average cost of capital.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

25. The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

26. Specifically, the Recommendation Statement fails to disclose the terms of the confidential disclosure agreements the Company entered into with 16 potential counterparties, including whether any contain a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding a party from submitting a topping bid for the Company.

27. Additionally, the Recommendation Statement fails to disclose the specific pricing terms of each of the proposals the Company received from potential counterparties during the sale process.

*Material Misrepresentations and/or Omissions Concerning MTS Securities' and Company Insiders' Potential Conflicts of Interest*

28. The Recommendation Statement fails to disclose material information concerning potential conflicts of interest faced by MTS Securities.

29. The Recommendation Statement sets forth:

> MTS served as a financial advisor and joint book-running manager in the Company's equity offering in January 2021, for which it received a fee equal to $1.34 million. Except as noted above, neither MTS Securities nor MTS has had a material relationship with, or otherwise received fees from, the Company or Parent or any other parties to the Merger Agreement or the CVR Agreement during the two years preceding the date of the MTS Opinion.

Recommendation Statement at 39. Yet, the Recommendation Statement fails to disclose whether MTS Securities or MTS Health Partners, L.P. have performed any services for Syncona, Syncona Portfolio Limited, or Syncona Investment Management Limited, or any of their affiliates, in the two years preceding the date of its fairness opinion and, if so, the amount of compensation received for such services.

30. The Recommendation Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

31.     For example, the Recommendation Statement fails to disclose whether any of Syncona's proposals or indication of interest mentioned management retention in the combined company or the purchase of or participation in the equity of the surviving corporation.

32.     In sum, the omission of the above-referenced information renders statements in the "Opinion of the Company's Financial Advisor," "Background of the Offer and the Merger" and "Arrangements Between the Company and its Executive Officers, Directors and Affiliates" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of AGTC are unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

33.     Plaintiff repeats all previous allegations as if set forth in full.

34.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting AGTC stockholders to tender their shares in the Tender Offer.

35.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

36.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

37.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall

include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

38.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

39.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

40.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

41.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of AGTC, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

44. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to AGTC stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning MTS Securities' financial analyses, the background of the Proposed Transaction, and MTS Securities' and Company insiders' potential conflicts of interest.

45. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer or seek appraisal.

46. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

47. Plaintiff repeats all previous allegations as if set forth in full.

48. The Individual Defendants acted as controlling persons of AGTC within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of AGTC, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

51. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, AGTC stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of AGTC, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  November 28, 2022 **LAW OFFICES OF JOSHUA B. KONS, LLC**

By: */s/ Joshua B. Kons*
Joshua B. Kons

Joshua B. Kons  (ct29159)
92 Hopmeadow Street, Suite LL1
Weatogue, CT 06089
Tel: (860) 920-5181
Email: joshuakons@konslaw.com
*Attorney for Plaintiff*